# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| | ) | |
| AKEEM DYCE, | ) | Case Number: CR-16-00144 (ILG) |
| also known as "Lyte" and "Tall Keem" | ) | USM Number: 89139-053 |
| | ) | Gary Schoer, Esq. |
| | ) | Defendant's Attorney |

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 03 2016
BROOKLYN OFFICE

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    (1)

☐ pleaded nolo contendere to count(s) \_\_\_\_\_
    which was accepted by the court.

☐ was found guilty on count(s) \_\_\_\_\_
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(k) and 18 U.S.C. § 924(a)(1)(B) | Possession of Firearm with an Obliterated Serial Number | | 1 |

    The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) \_\_\_\_\_

☐ Count(s) \_\_\_\_\_ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/27/2016
Date of Imposition of Judgment

*/s/ I. Leo Glasser*
Signature of Judge

I. Leo Glasser, U.S. District Judge
Name and Title of Judge

11/1/2016
Date

DEFENDANT: AKEEM DYCE, also known as "Lyte" and "Tall Ke‹
CASE NUMBER: CR-16-00144 (ILG)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

one (1) year and one (1) day.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to a facility as close to New York City as possible, in order to facilitate family visits.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: AKEEM DYCE, also known as "Lyte" and "Tall Ke
CASE NUMBER: CR-16-00144 (ILG)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
three (3) years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; or if such prior notification is not possible, then within forty eight hours after such change.
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: AKEEM DYCE, also known as "Lyte" and "Tall Ke"
CASE NUMBER: CR-16-00144 (ILG)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the　☐ fine　☐ restitution.

　　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: AKEEM DYCE, also known as "Lyte" and "Tall Ke("
CASE NUMBER: CR-16-00144 (ILG)

## ADDITIONAL FORFEITED PROPERTY

The preliminary order of forfeiture dated October 28, 2016 is hereby incorporated into this judgment and commitment order and a copy is annexed hereto.

SLR:LDM:BDM
F.#2016R00279

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

AKEEM DYCE,
    also known as "Lyte,"
    and "Tall Keems,"

                Defendant.

- - - - - - - - - - - - - - - - -X

PRELIMINARY
ORDER OF FORFEITURE

16-CR-144 (ILG)

        WHEREAS, on July 7, 2016, AKEEM DYCE (the "Defendant"), entered a plea of guilty to the offense charged in the sole count of the above-captioned indictment, charging a violation of 18 U.S.C. § 922(k); and

        WHEREAS, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the Defendant has consented to the forfeiture of all right, title, and interest in one silver .32 caliber Smith & Wesson revolver with an obliterated serial number possessed by the defendant on or about February 23, 2016 (the "Seized Firearm"), as any firearm involved in a knowing violation of 18 U.S.C. § 922(k), and/or as a substitute asset pursuant to 21 U.S.C. § 853(p).

        IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the Defendant as follows:

1. The Defendant shall forfeit to the United States all right, title and interest in the Seized Firearm, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

2. Upon entry of this Order, the United States Attorney General or her designee is authorized to seize the Seized Firearm, to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third party rights, including giving notice of this Order.

3. The United States shall publish notice of this Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, and of its intent to dispose of the Seized Firearm in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Firearm as a substitute for published notice as to those persons so notified.

4. Any person, other than the Defendant, asserting a legal interest in the Seized Firearm may, within thirty days (30) of the final publication of notice or receipt of notice or no later than sixty days (60) after the first day of publication on an official government website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Seized Firearm must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or

interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Seized Firearm in any administrative or judicial proceeding. The Defendant shall fully assist the government in effectuating the surrender and forfeiture of the Seized Firearm to the United States. The Defendant shall take whatever steps are necessary to ensure that clear title to the Seized Firearm passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Seized Firearm to the United States. Further, if any third party files a claim to the Seized Firearm, the Defendant will assist the government in defending such claims. If the Seized Firearm or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the Defendant up to the value of the Seized Firearm, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

6. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the property and/or money forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B) this Order shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction. If no third party tiles a timely claim, this Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. Pro. 32.2(c)(2). At that time, properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8. The United States alone shall hold title to the Seized Firearm following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. The forfeiture of the Seized Firearm shall not be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

10. This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

11. This Order shall be final and binding only upon the Court "so ordering" the Order.

12. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court is directed to send, by inter-office mail, four (4) certified copies of this executed Order to FSA Law Clerk Alexander Teichman, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       10/2/16, 2016

SO ORDERED:

_____
HONORABLE I. LEO GLASSER
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK